**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| TONYA L. BATTLE, | Genesee County Cir. Case No. 13-099763-CD |
| | Hon. Richard B. Yuille |
| Plaintiff, | |
| | E.D. Mich. No. _____2:13-cv-10680_____ |
| v. | Hon. _____ |
| THE BOARD OF HOSPITAL MANAGERS OF HURLEY MEDICAL CENTER and/or HURLEY HOSPITAL and/or HURLEY MEDICAL CENTER, MARY OSIKA, | |
| Defendants. | |

| | |
|---|---|
| **GAFKAY & GARDNER, PLC** | **THE WILLIAMS FIRM, P.C.** |
| By: JULIE A. GAFKAY (P-53680) | By: JOAN N. PIERSON (P-43571) |
| Attorney for Plaintiff | Attorneys for Defendants |
| 175 S. Main Street | 8263 S. Saginaw St., Ste. 6 |
| Frankenmuth, Michigan 48734 | Grand Blanc, Michigan 48439 |
| (989) 652-9240 | (810) 695-7777 |

## NOTICE OF REMOVAL

Defendants Hurley Medical Center (HMC) and Mary Osika hereby remove this case to the United States District Court for the Eastern District of Michigan, Southern Division, and state as follows:

1. HMC and Osika are Defendants in a civil action brought in the Circuit Court for the County of Genesee, State of Michigan, styled:

**STATE OF MICHIGAN**
**GENESEE COUNTY CIRCUIT COURT**

TONYA L. BATTLE,      Case No. 13-099763-CD

        Plaintiff,      Hon. Richard B. Yuille

v.

THE BOARD OF HOSPITAL MANAGERS
OF HURLEY MEDICAL CENTER and/or
HURLEY HOSPITAL and/or HURLEY
MEDICAL CENTER, MARY OSIKA,

        Defendants.

The above case is Genesee County Circuit Court Case No. <u>13-099763-CD</u>.

    2.    A copy of all process, pleadings and orders served upon and filed by Defendants is attached to this Petition. No proceedings, except as are indicated in the attached papers, have taken place in the Genesee County Circuit Court action.

    3.    Plaintiff commenced Case No. 13-099763-CD by filing a *Summons and Complaint* and *Complaint and Jury Demand* on January 21, 2013. Plaintiff's Complaint contains two counts: "Equal Protection Violation," "Michigan Elliot-Larsen Civil Rights Act Claim." Count I relevantly states:

> 28.    This Court has jurisdiction to hear and decide this claim pursuant to the *First and Fourteenth Amendments to the United States Constitution and 42 USC Section 1983.*
>
>     \*  \*  \*
>
> 30.    The individual Defendant here owed Plaintiff a *Constitutional* duty to not purposely interfere with *her federally protected rights under the United States Constitution, in particular, the Equal Protection Clause of the 14th Amendment* and not to be subjected to discrimination including harassment based on race.
>
>     \*  \*  \*

>       32.   . . . [A]s a direct and proximate result of Defendants' aforesaid violations of *Plaintiff's 14th Amendment rights,* she was caused to suffer and sustain reassignment of her job, emotional ditress [sic] and mental anguish, past and future, injury to feeling including extreme embarrassment and humiliation past and future, outrage, damages to reputation, and whatever punitive damages are recoverable against the individual Defendant herein.
> (emphasis added).

4.   Pursuant to 28 U.S.C. §1331, this Court has original jurisdiction over Plaintiff's claim under the first and fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

5.   This action is therefore removable pursuant to 28 U.S.C. §1441(b).

6.   This court may assume jurisdiction over the pendent state claim. 28 U.S.C. §1441(c).

7.   This *Notice of Removal* is being filed within thirty (30) days after Defendant received, through service or otherwise, a copy of Plaintiff's initial pleading setting forth the claim for relief upon which this Notice of Removal is based. 28 U.S.C. §1446(b).

**WHEREFORE,** Defendants request that Genesee County Circuit Court Case No. 13-099763-CD be removed from the Genesee County Circuit Court to this Court.

Dated: February 18, 2013                /s Joan N. Pierson
                                        **The Williams Firm, P.C.**
                                        8263 South Saginaw Street, Suite 6
                                        Grand Blanc, Michigan 48439
                                        Phone: (810) 695-7777
                                        E-mail: jpierson@thewilliamsfirm.com
                                        Michigan Bar Number P-43571

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TONYA L. BATTLE,

        Plaintiff,

v.

THE BOARD OF HOSPITAL MANAGERS
OF HURLEY MEDICAL CENTER and/or
HURLEY HOSPITAL and/or HURLEY
MEDICAL CENTER, MARY OSIKA,

        Defendants.

        /

Genesee County Cir. Case No. 13-099763-CD
Hon. Richard B. Yuille

E.D. Mich. No.    2:13-cv-10680
Hon.

## NOTICE OF FILING REMOVAL

**To:**     GAFKAY & GARDNER, PLC     CLERK OF THE COURT
           By: JULIE A. GAFKAY (P-53680)     Genesee County Circuit Court
           175 S. Main Street     900 South Saginaw Street
           Frankenmuth, Michigan 48734     Flint, Michigan 48502

      **PLEASE TAKE NOTICE** that Genesee County Cir. Case No. 13-099763-CD has been removed from the Circuit Court for the County of Genesee to the United States District Court for the Eastern District of Michigan, Southern Division, and that attached is a copy of the Notice of Removal which was filed on February 18, 2013 with the United States District Court for the Eastern District of Michigan.

Dated: February 18, 2013

/s Joan N. Pierson
**The Williams Firm, P.C.**
8263 South Saginaw Street, Suite 6
Grand Blanc, Michigan 48439
Phone: (810) 695-7777
E-mail: jpierson@thewilliamsfirm.com
Michigan Bar Number P-43571

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed the paper by United States Postal Service to Julie A. Gafkay, Esq., 175 S. Main Street, Frankenmuth, Michigan 48734, and to Clerk of the Court, Genesee County Circuit Court, 900 South Saginaw Street, Flint, Michigan 48502.


Dated: February 18, 2013                                          /s Joan N. Pierson
                                                                  **The Williams Firm, P.C.**
                                                                  8263 South Saginaw Street, Suite 6
                                                                  Grand Blanc, Michigan 48439
                                                                  Phone: (810) 695-7777
                                                                  E-mail: jpierson@thewilliamsfirm.com
                                                                  Michigan Bar Number P-43571

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>7th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>13-99763 -CD |
|---|---|---|

Court address: 900 S. Saginaw Street, Flint, Michigan 48502

RICHARD B. YUILLE
P-22664

Court telephone no. (810) 424-4355

| Plaintiff's name(s), address(es), and telephone no(s).<br>TONYA L. BATTLE | v | Defendant's name(s), address(es), and telephone no(s).<br>THE BOARD OF HOSPITAL MANAGERS OF HURLEY MEDICAL CENTER and/or HURLEY HOSPITAL and/or HURLEY MEDICAL CENTER, MARY OSIKA |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>GAFKAY & GARDNER, PLC<br>Julie A. Gafkay (P53680)<br>175 S. Main Street<br>Frankenmuth, Michigan 48734<br>(989) 652-9240 | | HURLEY MEDICAL CENTER<br>c/o William Smith, GeneralCounsel<br>1 Hurley Plaza<br>Flint, MI 48503 |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

Issued: JAN 2 6 2013   This summons expires: APR 2 7 2013   Court clerk: Stephanie Davis

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Genesee County | Defendant(s) residence (include city, township, or village)<br>Genesee County |
|---|---|

Place where action arose or business conducted
Genesee County

Date: 1/21/13

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (3/08) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN
IN THE CIRCUIT COURT COUNTY OF GENESEE

**TONYA L. BATTLE,**
   **Plaintiff,**

v.

13-99763-CD

RICHARD B. YUILLE
P-22664

**THE BOARD OF HOSPITAL MANAGERS OF HURLEY
MEDICAL CENTER and/or HURLEY HOSPITAL and/or
HURLEY MEDICAL CENTER, MARY OSIKA,**

   **Defendants.**

_____/

GAFKAY & GARDNER, PLC
BY: JULIE A. GAFKAY (P53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240
jgafkay@gafkaylaw.com

A TRUE COPY
Genesee County Clerk

_____/

  There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between the parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.

## COMPLAINT AND JURY DEMAND

  **NOW COMES Plaintiff**, Tonya Battle, by and through her attorneys, Gafkay & Gardner, PLC, and for her Complaint against the Defendants states as follows:

1. This is a civil action brought pursuant to 42 USC 1983 seeking money damages against Defendants for purposeful discrimination, under color of law, in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

2. Plaintiff also asserts claims against Defendants under the Michigan Elliott-Larsen Civil Rights Act and for intentional infliction of emotional distress.

3. This court has jurisdiction over plaintiff's claims and venue is proper because the events giving rise to Plaintiff's Complaint arose in Genesee County.

4. Plaintiff is an African American citizen of the United States and a resident of the City of Flint, in County of Genesee, State of Michigan.

5. DefendantThe Board of Hospital Managers of Hurley Medical Center and/or Hurley Hospital and/or Hurley Medical Center is a municipal subdivision of the City of Flint and administers a public hospital in the City of Flint commonly known as Hurley Medical Center (hereinafter referred to as Defendant Hurley Medical Center)

6. Defendant Mary Osika is and was at all relevant times the duly appointed Nurse Manager of Defendant Hurley Medical Center.

## STATEMENT OF CLAIM

7. On or about June 6, 1988, Plaintiff began her employment with Defendant Hurley Medical Center.

8. At all relevant times, Plaintiff held the position of Registered Nurse in the Neonatal Intensive Car Unit (NICU).

9. On or about October 31, 2012, Plaintiff was working her scheduled shift in the NICU caring for an infant and the said infant's father asked to speak to Plaintiff's supervisor.

10. Plaintiff informed the Charge Nurse, Deborah Herholz, of the request and she talked with the father.

11. The father told the Charge Nurse that he did not want any African Americans taking care of his baby. While telling the Charge Nurse, he pulled up his sleeve and showed some type of tattoo which was believed to be a swastika of some kind.

12. After the father made the discriminatory request to not allow African Americans to take care of his baby, instead of flatly denying the request, the Charge Nurse called the Nurse Manager, Defendant Osika.

13. Defendant Osika told the Charge Nurse, Herholz, to re-assign the baby to another nurse and to advise Plaintiff that Defendant Osika, would speak to her supervisor and take care of it the next day.

14. Plaintiff was re-assigned on or about October 31, 2012 because she is African American.

15. Plaintiff was shocked, offended, and in disbelief that she was so egregiously discriminated against based on her race and re-assigned.

16. On or about November 1, 2012, Defendant Osika, under color of state law, met with the Director of Women and Children Services and Director of Nursing. A decision was made to grant the father's request that no African American employees take care of the baby. A staff meeting followed and was conducted by

Defendant Osika wherein she informed those present of the policy decision of Defendant Hurley Medical Center to not allow African American employees, like Plaintiff, be assigned to the care of this baby in the NICU.

17. Defendant Osika called Plaintiff at home and informed her that the request was going to be granted. Plaintiff was shocked by the decision of Defendants to grant the discriminatory request.

18. Plaintiff was scheduled to work her shift later that day on or about November, of 2012.

19. When Plaintiff reported to her work, she learned that during that day there was a note prominently posted on the assignment clipboard that read as follows: "NO AFRICAN AMERICAN NURSE TO TAKE CARE OF BABY." Plaintiff was shown a picture of the note.

20. At some point after the discriminatory request was granted and above sign posted, the attorney for Defendant Hurley Medical Center advised Defendant Osika that they couldn't do that. The father of the baby was advised that his request could not continue to be granted.

21. However, the discriminatory request was, in fact, followed in practice for the balance of the time that the baby was in the NICU and African Americans, like Plaintiff, were intentionally not assigned to the baby. African American nurses, like Plaintiff, were not assigned to the baby for approximately the next month because of their race.

22. Plaintiff was discriminated against based on race with regard to work assignment.

23. Plaintiff made several internal complaints regarding Defendants' discrimination including to corporate compliance, but did not hear any response regarding resolution of the complaint.

24. On or about December 11, 2012, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission based on race due to Defendants' discriminatory conduct.

25. Plaintiff's workplace was permeated with discriminatory intimidation, ridicule, and insult which altered Plaintiff's employment and created an abusive working environment.

26. Plaintiff suffered damages as result.

### COUNT I - EQUAL PROTECTION VIOLATION BY DEFENDANT HURLEY MEDICAL CENTER AND DEFENDANT OSIKA, in her individual capacity for RACE HARASSMENT AND/OR DISCRIMINATION

27. Plaintiff hereby re-alleges and incorporates the above paragraphs.

28. This Court has jurisdiction to hear and decide this claim pursuant to the First and Fourteenth Amendments to the United States Constitution and 42 USC Section 1983.

29. Defendant Hurley Medical Center set policy when it implemented a policy that prohibited African American employees, such as Plaintiff, to be assigned to job duties related to a baby in the NICU.

30. The individual Defendant here owed Plaintiff a Constitutional duty to not purposely interfere with her federally protected rights under the United States Constitution, in particular, the Equal Protection Clause of the 14th Amendment and not to be subjected to discrimination including harassment based on race.

31. The individual acted with malice and/or reckless disregard of plaintiff's constitutional rights to be free from race discrimination. Thus, plaintiff is entitled to recover punitive damages from this individual Defendant.

32. That as a direct and proximate result of Defendants' aforesaid violations of Plaintiff's 14th Amendment rights, she was caused to suffer and sustain reassignment of her job, emotional ditress and mental anguish, past and future, injury to feeling including extreme embarrassment and humiliation past and future, outrage, damages to reputation, and whatever punitive damages are recoverable against the individual Defendant herein.

### COUNT II - MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT CLAIM AGAINST DEFENDANTS FOR RACE DISCRIMINATION

33. At all material times, plaintiff was an employee, and Defendants were her employer covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

34. Plaintiff's race was at least one factor that made a difference in Defendants' decision to re-assign her with regard to her position.

35. Had Plaintiff been Caucasian, she would not have been re-assigned.

36. Plaintiff's workplace was permeated with discriminatory intimidation, ridicule, and insult which was severe and altered the conditions of plaintiff's work environment causing her to suffer an adverse employment action as a result of her race.

37. Defendants, through its agents, representatives and employees was predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

38. Defendants' actions were intentional in disregard for Plaintiff's rights and sensibilities.

39. As a direct and proximate result of Defendants' unlawful action, Plaintiff has sustained injuries and damages including, but not limited to humiliation and embarrassment, mental and emotional distress, and of ordinary pleasures of life.

### COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF PLAINTIFF BY DEFENDANT MARY OSIKA

40. Plaintiff hereby re-alleges and incorporates by reference the above paragraphs.

41. Defendant Osika's conduct as outlined above was intentional.

42. Defendant Osika's conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

43. Defendant Osika's conduct as outlined above was for an ulterior motive or purpose.

44. Defendant's conduct resulted in severe and serious emotional distress.

45 As a direct and proximate result of Defendant's conduct Plaintiff has been damaged in the manner outlined above.

PLAINTIFF REQUESTS that this Court enter judgment against Defendants for the following relief:

1. An award to Plaintiff of compensatory damages sufficient to compensate her mental anguish and emotional distress, embarrassment and humiliation, and damage to her professional reputation as a result of Defendants' actions
2. An award to Plaintiff of punitive damages against Defendant government official as a result of the reckless indifference with which she violated Plaintiff's right to equal protection of the laws.
3. An award to Plaintiff of the costs and disbursements of this action, including reasonable attorney fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 USC 1988(b).
4. An award to Plaintiff of other and additional legal and/or equitable relief to which she may be entitled.

## JURY DEMAND

Plaintiff demands a jury trial in the above-captioned case.

Respectfully submitted;

GAFKAY & GARDNER, PLC

_____
JULIE A. GAFKAY (P53680)    1/21/13
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, Michigan 48734
(989) 652-9240


A TRUE COPY
Genesee County Clerk

STATE OF MICHIGAN
CIRCUIT COURT FOR THE COUNTY OF GENESEE

TONYA L. BATTLE,

    Plaintiff,

v.

THE BOARD OF HOSPITAL MANAGERS
OF HURLEY MEDICAL CENTER and/or
HURLEY HOSPITAL and/or HURLEY
MEDICAL CENTER, MARY OSIKA,

    Defendants.
_____/

Case No. 13-099763-CD

Honorable Richard B. Yuille

**GAFKAY & GARDNER, PLC**
By: JULIE A. GAFKAY (P-53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240

**THE WILLIAMS FIRM, P.C.**
By: JOAN N. PIERSON (P-43571)
Attorneys for Defendants
8263 S. Saginaw St., Ste. 6
Grand Blanc, MI 48439
(810) 695-7777
_____/

## APPEARANCE

**PLEASE ENTER** our Appearance as attorneys for Defendants, Board of Hospital Managers for the City of Flint d/b/a Hurley Medical Center and Mary Osika, in the above-referenced case.

**THE WILLIAMS FIRM, P.C.**

Dated: 2/6 , 2013

By: _____
    Joan N. Pierson (P-43571)

 A TRUE COPY Genesee County Clerk

## STATE OF MICHIGAN
### CIRCUIT COURT FOR THE COUNTY OF GENESEE

TONYA L. BATTLE,

        Plaintiff,

v.

THE BOARD OF HOSPITAL MANAGERS
OF HURLEY MEDICAL CENTER and/or
HURLEY HOSPITAL and/or HURLEY
MEDICAL CENTER, MARY OSIKA,

        Defendants.

_____/

Case No. 13-099763-CD

Honorable Richard B. Yuille

**GAFKAY & GARDNER, PLC**
By: JULIE A. GAFKAY (P-53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240
_____/

**THE WILLIAMS FIRM, P.C.**
By: JOAN N. PIERSON (P-43571)
Attorneys for Defendants
8263 S. Saginaw St., Ste. 6
Grand Blanc, MI 48439
(810) 695-7777

## PROOF OF SERVICE

STATE OF MICHIGAN    )
                              )SS
COUNTY OF GENESEE  )

       The undersigned being first duly sworn, deposes and says that she mailed a copy of the following document(s) by first class mail with postage prepaid thereon as follows:

DOCUMENT(S):    Appearance
DATE MAILED:    February 6, 2013
MAILED TO:        Julie A. Gafkay, Esq.
                        175 S. Main Street
                        Frankenmuth, MI 48734.

Subscribed and sworn to before me
this 6th day of February, 2013

_____
Stacey L. Vanucci, Notary Public
Genesee County, Michigan
Acting in Genesee County, MI
My commission expires: 09-26-17

_____
Jade A. Kwan